UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS LOCAL 324 HEALTH CARE PLAN, *et al*,

    Plaintiffs,

Case No. 09-11242
Honorable PATRICK J. DUGGAN

v.

MIDWEST TECHNICAL SERVICES, INC.,

    Defendant.

_____/

ROBERT A. FARR PLLC
ROBERT A. FARR JR. (P61597)
Attorney for Plaintiffs
5043 Patrick Road
West Bloomfield, Michigan 48322
(313) 673-6679 telephone
(248) 592-1254 facsimile
_____/

**ORDER**

This Court, having reviewed plaintiffs' Motion, and having been fully advised, finds that plaintiffs are entitled to the relief requested in their motion. Accordingly:

IT IS ADJUDGED, ORDERED, AND DECREED that:

A.    Alan Schafer, both in his capacity as a third party to this action and in his capacity as the judgment debtor's corporate officer, shall appear at a place and time to be designated by plaintiffs' counsel and be examined under oath, and he shall produce for examination any books, papers and records is his possession or control which have or may contain information concerning the property, money, accounts, accounts receivable or things in action of defendant judgment debtor MIDWEST TECHNICAL SERVICES, INC.;

1

B.     Alan Schafer, and any other officer, owner, employee or interested person of the defendant / judgment debtor company, are restrained from making or suffering any transaction or other disposition of or interference with any of its property now held or later acquired or becoming due it (not exempt from law) that might be use to satisfy the judgment;

C.     Any third parties served with this order shall appear at a place and time to be designated by plaintiffs' counsel and be examined on oath, and shall produce for examination any books, papers and records is its possession or control which have or may contain information concerning the property, money, accounts, contracts or things in action of defendant / judgment debtor MIDWEST TECHNICAL SERVICES, INC.;

D.     Any third party served with this order, and its officers or members, are restrained from making or suffering any transaction or other disposition of, or from interfering with, any property belonging to judgment debtor MIDWEST TECHNICAL SERVICES, INC. or to which it may be entitled or which may become due to said judgment debtor, or from paying or otherwise disposing of such property until such judgment is satisfied.

E.     Pursuant to the notice requirements of M.C.L. 600.6119, this Court indorses herein such provisions:

>    Sec.6119.     (1) Prohibition.  When a third party having in his possession or its possession property or moneys belonging to the judgment debtor or who is indebted to the judgment debtor is subpoenaed or ordered to attend and be examined as authorized in this chapter, such third party is hereby forbidden to make or suffer an transfer or other disposition of, or to interfere with, any property belonging to the judgment debtor or to which he may be entitled or which may thereafter be acquired by or become due to said judgment debtor, or to pay over or otherwise dispose of any moneys due or to become due to such judgment debtor, not exempt by law from application to the satisfaction of the judgment, until the further order of the court except that such third party is not obligated to withhold the payment of any monies beyond double the amount claimed in such subpoena by the judgment creditor.  To effect such restraining provisions, a copy of this section must be indorsed on or

attached to the copy of the subpoena or order served on the third party.

F. Plaintiffs shall have the right of immediate execution upon any property that legally or equitably belongs to the defendant judgment debtor, either in its possession or the possession of a third party, and the judgment debtor or any third party in possession of such property shall immediately deliver such property (up to the amount of the judgment) to plaintiffs without delay.

        S/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: July 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2009, by electronic and/or ordinary mail.

        S/Marilyn Orem
        Case Manager